

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. 0-2105
Re: Definition of the terms "legal right
of possession" and "legal right of
control" in the Motor Registration
statute.

We are in receipt of your letter of March 20,
1940, in which you request an opinion of this depart-
ment on the following questions set out therein:

"1. Is a truck or bus driver employed
by the week or month to drive a truck or bus
for the title-owner thereof, and who is sub-
ject to transfer from one vehicle to another,
or from one county to another, or to discharge
by or at the will of the title owner, the
'owner' of such vehicle for registration
purposes?

"2. Is a local ticket agent of a bus
company, such as may be found in each town
through which bus lines regularly operate in
Texas, the 'owner' of the buses of his com-
pany for registration purposes?

"(a) Would the same rule apply to
local agents of freight lines?

"3. Is the district or branch manager
of an oil refining company, or a wholesale
grocery concern the 'owner' of the vehicles
definitely assigned to that district or
branch for registration purposes?"

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 6675a-1 of Vernon's Annotated Civil
Statutes provides, in part, as follows:

"(1) 'Owner' means any person who holds
the legal title of a vehicle or who has the
legal right of possession thereof, or the legal
right of control of said vehicle."

Article 6675a-2 of Vernon's Annotated Civil
Statutes provides, in part, as follows:

"Every owner of a motor vehicle, trailer
or semi-trailer used or to be used upon the
public highways of this State, and each
chauffeur, shall apply each year to the State
Highway Department through the County Tax
Collector of the County in which he resides
for the registration of each such vehicle
owned or controlled by him, or for a chauf-
feur's license, for the ensuing or current
calendar year or unexpired portion thereof;
* * * "

This department ruled in Opinion No. O-3050
that under the registration statutes a motor vehicle
could be registered in either the county of the legal
title holder's residence or in the county of residence
of a person who has the legal right of control or
legal right of possession over the motor vehicle. You
are now concerned with the definition of the terms
"legal right of possession" and "legal right of control"
for purposes of determining what individuals might
come within such definition.

In defining the terms "legal right of posses-
sion" and "legal right of control" it is necessary to
look to the statutes in which the same are used. Said
terms do not have a set definition in law but can only
mean a certain thing because of the sense in which
they are used in a particular statute.

The term "legal possessor" is defined in Words
& Phrases (5th Series), Ch. 5, p. 947, as follows:

"Phrase 'legal possessor', as referred

to in section 184 of the Lien Law not intended to mean every person who might be legally or lawfully in possession. The term was used in the sense of one who, but for the reservation of strict legal title in conditional vendor, or the giving of a strict legal title to a chattel mortgagee, would have the status of a full and unqualified owner. General Motors Acceptance Corporation vs. Baker, 291 NYS 1015, 1019, 161 Misc. 238."

In line with the above quotation it is our opinion that the bare physical possession of a motor vehicle by an individual does not for registration purposes put him in the category of one who has the legal right of possession or the legal right of control over the motor vehicle. The Supreme Court of Indiana in the case of WILLIAMS vs. STATE, 75 N.E. 875, states as follows in this connection:

"It is said in Bishop's New Criminal Law, Sec. 824: 'Where any person, whether servant or not, has the bare charge or care of another's effects, "legal possession," observes East, 'remains in the owner, and the party may be guilty of trespass and larceny in fraudulently converting the same to his own use.'"

Another definition of the term "legal possessor" was given by the Supreme Court of California in the case of QUIST vs. HILL, 99 Pac. 204. The court stated as follows:

"What is meant by the term (legal possessor of the property' in the section is one who has the right by virtue of his possession to originally contract with reference to the manufacture, alteration, or repair thereof, such as, for example, a lessee or pledgee of the property; some one having a possession coupled with a right of property so that he can contract with reference to it respecting any of the matters enumerated in

the section."

The case of BAUGHMAN vs. MILSTONE, 125 Atl. 69, is authority for the fact that under the motor vehicle registration statutes it is necessary for the person seeking to register a motor vehicle to hold his interest in said vehicle not only temporarily but with some degree of permanency. The court stated as follows:

"In Berry on Automobiles (3rd Ed.) Sec. 255, cited by appellant, it is said:

"'A statute requiring the "owner or custodian" of an automobile to register the same within a certain number of days after ''ac- quiring'' it, has reference to persons having an independent and permanent interest in an automobile, and does not include a servant or a person having only temporary control thereof.'

"It is a cardinal principle that stat- utes must be construed reasonably and with reference to the purposes sought to be accom- plished by them.

"Section 134 of article 56 of the Code, as amended by Laws 1920, c. 503, defined 'owner' as follows:

"'The term ''owner'' shall include any person, firm, association or corporation own- ing a motor vehicle or having the exclusive use thereof, under contract of purchase, lease, hiring or rental thereof, or otherwise.'

"To hold that the Legislature meant to include in this definition a person hiring an automobile for a few hours or days would im- pute to it an intention to prohibit the use of such vehicle by any one whose possession was to continue for only such a short time, for obviously it would be impracticable, or at least unreasonable, to require registration

Ion. Julian Montgomery, page 5

   or titling by such a person.  It would, of
course, equally prohibit the business of own-
ing automobiles for hire."

     In looking to the purpose behind the legis-
lative definition of the term "owner" it is our opin-
ion that the legislature intended to provide a method
whereby motor vehicles which are stationed in a par-
ticular county for the greater portion of a registra-
tion year in the possession and control of an individ-
ual who is a resident of that county, who has all the
rights in the motor vehicle that the owner would have
with the exception of legal title could be registered
in the county of such individual's residence.  With
this legislative purpose in mind it is our opinion
that the terms "legal right of possession" and "legal
right of control" mean something more than the actual
physical possession by an agent or servant.  We think
that the terms imply such possession or control to be
with a degree of permanency through out the registration
year and not as a temporary matter.  A person who can
be classed as having either legal right of possession
or legal right of control would be one who would see
that the motor vehicle is kept in repair and is operat-
ed in good condition, and would be entrusted with its
care.  In other words, our opinion of said terms would
preclude a person who has only the physical possession
or physical control of a motor vehicle, but would in-
clude a person who has all rights in the motor vehicle
as to its control and operation, use and management but
who does not have legal title.  Our definition is further
qualified that such possession or control would have
to be of a permanent nature or not one subject to being
divested at any time by the legal titleholder within
the reasonable expectation of the parties at the time
of the registration of the motor vehicle.  In line with
the above discussion we will endeavor to answer the
questions you have propounded.

     In answer to your first question it is our
opinion that a truck or bus driver who is employed under
the state of facts which you submit would not qualify
as one having the legal right of possession or legal
right of control so as to be considered an "owner" for

purposes of motor vehicle registration.

In answer to your second question it is our opinion that a local ticket agent of a bus company would not have a legal right of possession or legal right of control over the busses which regularly pass through his town. The exception to this would be a case where by some instrument in the form of a lease or bailment, said ticket agent would be given such legal right of control or legal right of possession. In this connection, however, such an instrument drawn up for purposes of evasion of the motor vehicle registration law above quoted would not of itself suffice to make such person an "owner" within the meaning of the registration statute. We think that the same rule would apply to the local agents of freight lines as would apply to local ticket agent of a bus line. It is conceivable, however, that the local agent of a freight line under the rules stated previously might be considered an "owner", for registration purposes, of the pick up trucks permanently stationed in his county over which he is given legal right of control or legal right of possession.

In answer to your third question it is our opinion that if the facts were such as to bring a district or branch manager with the rules and qualifications set out previously that he could be an owner of the vehicles of his company for registration purposes. We believe that the statutes were designed to allow the motor vehicles belonging to a company which were permanently located in a particular county and therein under the complete control and supervision of an agent or branch manager who was a resident of said county to allow the registration of such motor vehicles in said county. We think this would be true even though the vehicles located in that county were also used in adjoining counties but were under the control and possession and supervision of this branch agent in the central county.

Whether or not a person qualifies as an owner under the motor registration statutes would in each case

depend upon the particular facts. It is our opinion however that the rules and qualifications set out previously should comprize the correct legal test to which the facts must comply before a person would be so qualified as an "owner" for registration purposes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Billy Goldberg*

Billy Goldberg
Assistant

BG:ob

APPROVED MAR 22, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE